(35 South. 608.)

No. 14,697.

STATE ex rel. LEGIER v. SUTHERLAND.*

(Dec. 14, 1903.)

MORTGAGE NOTE—PURCHASE AFTER DUE—
RIGHTS OF PURCHASER.

1. A person who purchases from an attorney at law holding in his possession a past-due mortgage note, executed by the maker, to his own order, and by himself indorsed, which has been paid by the maker, without ascertaining what right the attorney has in respect to the note, does so at his risk; and, if he had no right to extend payment of the note or to sell it, the purchaser takes it subject to the equities.

(Syllabus by the Court.)

*Rehearing denied January 18, 1904.

Certiorari to Court of Appeal, Parish of Orleans.

Action by Bertha Sutherland against John Legier, Jr. Judgment for plaintiff was affirmed by the Court of Appeal, and the state, on the relation of John Legier, brings certiorari or writ of review. Affirmed.

Walter L. Gleason (McCloskey & Benedict, of counsel), for applicant. Edward A. Parsons, for respondent.

### Statement of the Case.

NICHOLLS, C. J. In the application made to this court for review, the facts of the case are stated as follows:

Mrs. Bertha Sutherland bought a piece of property for $1,100, of which $700 were paid cash, and the balance, $400, represented by a mortgage note drawn to her own order, and by her indorsed. This note she subsequently paid. The signature and indorsement, as well as the mortgage inscription, remaining undefaced and uncanceled, Mrs. Sutherland negotiated this note with petitioner, for which he paid her $390, the check representing the purchase of which is in the record. When this note fell due after a conventional extension, petitioner foreclosed, and was met by an injunction of Mrs. Sutherland, maker, in her own behalf and in behalf of her minor children. The injunction was based on the theory that, inasmuch as this note became extinguished by Mrs. Sutherland, she could not reissue it and revive the dead mortgage, and hence, although she sold to petitioner certain mortgage rights against her property, he had no such rights even against her.

The district court perpetuated the injunction, and enjoined the sheriff from selling the property mortgaged. Plaintiff appealed to the Court of Appeal, and that court affirmed the judgment and refused to grant a rehearing. This court ordered the record to be certified and sent up for review, and the case is now before us for adjudication.

The plaintiff instituted a suit in the civil district court in which he prayed for executory process in enforcement by seizure and sale of certain specified property of a note of $400 executed by Bertha Swan, widow of Robert Sutherland, dated March, 1899, pay-

able one year after date to her own order, by her indorsed, with interest at 8 per cent. per annum from date until paid, payment of which note was secured by special mortgage on the property sought to be seized, and sold by notarial act before H. L. Lomis, notary public.

Plaintiff averred that he was the holder and owner of the note referred to, and the maker of the same was indebted to him for the amount thereof, and 10 per cent. upon the amount for attorney's fees. He admitted that interest had been paid upon the note to January 9, 1901.

The usual orders required in such cases were granted by the court, and the property was seized.

The maker of the note, Mrs. Sutherland, in her own behalf and as tutrix of her minor children, filed a petition in which she prayed, in the matter of these proceedings, that a writ of injunction issue to the civil sheriff and the plaintiff, enjoining them from selling the property described on March 27, 1902, as advertised, or any other time; that they be cited in the premises, and that after due proceedings there be judgment against them and in her favor, individually and as tutrix, decreeing that the minors' mortgage primed all other mortgages; that the injunction be perpetuated; and she further prayed for all other decrees and. judgments necessary in the premises, and for general relief.

This injunction was based upon allegations of the maker that she had on or about the 9th of March, 1900, paid in full the principal and interest of the note declared upon, and received possession of the same; that by said payment she became the owner of the note, and the mortgage securing the same became extinguished by said payment in full; that prior to the payment of the note she was appointed and confirmed and qualified as tutrix of her minor children, on whose behalf she appeared, and a legal mortgage was inscribed against her property, as would appear by a certain record, which she declared she annexed for reference; that, having paid said debt, and the mortgage securing the same having been extinguished, the only mortgage remaining on her property was that in favor of her minor children; that in January, 1901, she took the note to her attorney, and explained to him that she

had paid the same, and he agreed to raise a sum of money for her upon it, and gave her a receipt for the same, which she annexed; that she received in all from the loan on said note the sum of $200; that the vendor's privilege was extinguished when she paid said. note, on or about the 2d of March, 1900, and, if any mortgage still existed, it was subsequent to and secondary to the minors' mortgage; that the plaintiff acquired said note after maturity, and all the equities which she had against her attorney could be pleaded against him; that the minors' rights, as well as her own, would be irreparably injured and sacrificed if the sale was permitted to take place, and the injunction prayed for was necessary to protect her minors' rights as well as her own.

A preliminary injunction issued as prayed for under the court's order.

Plaintiff answered the injunction. He first pleaded the general issue. He admitted that he was the holder of the note, and averred that the same was acquired for him by his agent, for a valuable consideration, before the maturity of the extension of the note, and it was not subject to the equities between the maker and other parties.

That the note was acquired from plaintiff's attorney for the sum of $390, and his own agent was influenced by the extension of the note, and would not have purchased the same, had it not been extended; that the maker called on his agent and attempted to borrow more money, but that at no time did she state or suggest that the note was not a valid obligation; that the minors were without interest, and had no cause of action; and that both parties were estopped by their actions from setting up a condition of facts contrary to the rights of the holder of the note.

Plaintiff prayed that the exception of no cause of action be maintained against the minors, that the plea of estoppel with respect to both be maintained, that the action of the plaintiff be dismissed, and for general relief.

The district court rendered judgment ordering and decreeing that the writ of injunction which had issued be perpetuated, and accordingly the sheriff and the plaintiff were enjoined and prohibited from selling the property.

The court further adjudged that there be judgment in favor of the plaintiff in injunction in her individual capacity, and in her capacity as tutrix of her minor children, against the plaintiff, decreeing that the minors' mortgage primed all other mortgages.

Plaintiff appealed from this judgment to the Court of Appeal, and that court affirmed the judgment.

### Opinion.

The agent of the plaintiff who acted for him in the matter of the note declared upon testified that he had purchased it from an attorney at law, who called on him and asked him to buy it; telling him he held it for one of his clients, Mrs. Sutherland. Witness did not know he was representing the maker of the note. Witness answered that he would have to look up the title. This he did, and, being satisfied with the result of the examination, he gave him a check for $390, and took possession of the note; receiving a fee of $10 for making the examination. When he was called on in regard to the note after he had made the examination, he told the attorney that, before he bought it, it would have to be first extended. When he first saw the note, it was a past-due note, and had no extension upon it. He told the attorney he would lend money on it if it was extended, and the extension which was written on the back of the note was made. It was written and placed there by the witness himself. After writing the extension, he handed the note back to the attorney, and then gave him a check and took the note.

About six months after this the maker of the note called on him, wanting to borrow $25 more, but he told her he could not lend her any money at that time. She did not say anything about the money she got from the attorney; did not mention him at all.

There can be no question as to the payment of the note and the surrender of the same by the maker. Mrs. Sutherland, the maker, and Zengel both testify to that fact. The former testified: That she called on the attorney referred to, to borrow $200, and he asked whether she could give him any security—whether she had any papers or anything—and she said she had. So she took him what papers she had—title deeds, insurance papers, and other little papers. That he took

this note out, telling her he could borrow some money on it—one or two hundred dollars. Witness did not understand that by obtaining a loan of $200 she was to give a mortgage on her property. He did not ask her to give a mortgage on her property, and she would not have permitted him to place a mortgage on her property for $200, had he asked it. She did not know that the note was a mortgage note. She did not know at the time what the note represented, or what its nature was, or that she could get money on it, until she took it to the attorney. She did not personally give it to him. He took it from among her papers. She did not authorize him to take the note and negotiate and borrow money on it. He did not tell her the $200 he turned over to her were realized on the note. He told her he did not lend her the money himself; it was another party; that he did not know the party.

There was no evidence introduced as to the rights of the minors.

This case presents no question of law, as we supposed it did when it was ordered up for review. Its decision in the court below turned upon questions of fact. It appears from the evidence that the plaintiff's agent had no dealings whatever with Mrs. Sutherland herself; that she neither made representations to him, nor authorized any one to make any, as to this note. The attorney who took it out from among Mrs. Sutherland's papers was without authority to sell it, or to represent it as being secured by a mortgage. The party who received the note was an attorney at law, and was fully advised of the situation when he did so.

The note was then extinguished by payment, and the mortgage had fallen with the extinctions of the principal obligation.

The extension of the note by plaintiff's agent did not have the effect of giving to it the character of negotiability, so as to cut off the equities affecting it, and we find no element of estoppel in the case.

Plaintiff's agent, without inquiry, dealt with a party who was without authority to act as he did, and plaintiff must bear the consequences of his own imprudence.

We find no error in the judgments of the Court of Appeal and the District Court, and they are hereby affirmed.